MRS. BEULAH PARKS v. BARNA ALLEN, ADMINISTRATOR OF J. C. ALLEN.

(Filed 4 November, 1936.)

**1. Bills and Notes H b—Introduction of note with further evidence of its execution and consideration entitles holder to go to the jury, although defendant introduces evidence that signature was a forgery.**

Where plaintiff introduces in evidence the note sued on with evidence of its execution by defendant's intestate, and that the note was given as consideration for a deed to lands executed to intestate, defendant's evidence that the signature to the note was a forgery, and that it was not given in consideration for the deed, raises an issue of fact for the jury, and defendant's motion to nonsuit is properly denied.

**2. Appeal and Error E b—**

Where the charge of the court is not in the record, it will be presumed on appeal that the court correctly charged the law applicable to the evidence.

APPEAL by the defendant from *Oglesby, J.,* at April Term, 1936, of MONTGOMERY. No error.

*Paul R. Raper and B. S. Hurley for plaintiff, appellee.*
*L. L. Moffitt and R. T. Poole for defendant, appellant.*

PER CURIAM. This was an action instituted upon an alleged note for $5,000, less a credit of $50.00, in which the defendant sets up the defense of forgery, and also the lack of consideration. The note was introduced by the plaintiff who introduced further evidence tending to show that the signature thereto was in the handwriting of the defendant's intestate, J. C. Allen, and that the note was given in consideration for a deed from the plaintiff and her husband to the intestate for a certain tract of land in Biscoe Township, Montgomery County. The defendant offered evidence tending to show that the signature to the note introduced was not in the handwriting of his intestate, J. C. Allen, and that the deed, for which it was contended the note sued upon was given, bore a different date and named a different amount of consideration from said note, and was not given in consideration of said note. This adverse evidence raised a clear issue of fact for the jury and rendered the motion to dismiss the action at the close of all the evidence untenable.

The jury returned the following verdict: "What amount, if any, is the defendant indebted to the plaintiff? Answer: '$4,950, with interest according to note."

We have examined the exceptions taken to the evidence and to portions of the charge and find no reversible error.

The charge is not set forth in full in the record, and it is therefore presumed that it stated in a clear and correct manner the evidence given in the case and declared and explained the law arising thereon.

The judgment of the Superior Court is

Affirmed.